JUSTICE KEENAN, with whom CHIEF JUSTICE HASSELL joins,
dissenting.
I respectfully dissent. The sole assignment of error raised by the claimant in this appeal is: “The Court of Appeals erred in upholding the Commission’s ruling that Mr. Washington’s release to full-duty status in June 2000 served to terminate the May 2000 award.” By restricting his appeal to this single assignment of error, the claimant has, of his own accord, limited the scope of the appeal before this Court.
The majority, however, reaches beyond this assigned error to review an additional question not before this Court, namely, whether the deputy commissioner properly considered the issue of causation. Despite the claimant’s procedural abandonment of this issue, the majority’s holding is predicated on a sua sponte resolution of that question. Thus, I must conclude that the majority has decided this appeal in contravention of Rule 5:17(c), which states in material part: “Only errors assigned in the petition for appeal will be noticed by this Court.”
Both the deputy commissioner and the Commission held that the claimant was not entitled to benefits for the period after March 28, 2001, because the claimant’s surgery on that date was not related to the September 15, 1999 injury. Not only did the claimant fail to assign error on these grounds in this Court, the claimant also failed to challenge this holding of the Commission in the Court of Appeals. In his “Questions Presented” before the Court of Appeals, the claimant asked, “Did the Commission err as a matter of law in consider *548 ing issues not properly before it and in granting relief not requested by UPS?” However, in neither his opening brief nor in his reply brief before the Court of Appeals did the claimant argue that the deputy commissioner and the Commission improperly considered the issue of causation. Instead, the claimant merely asserted that the Commission lacked authority to terminate the claimant’s benefits in the absence of an application from UPS. Thus, as asserted by UPS before this Court, the Commission’s determination that the claimant’s March 2001 surgery was not causally related to his compensable injury became the law of this case and is binding on appeal before this Court.
Given this binding determination, an analysis of the issue presented in this appeal must begin with the conceded fact that the complainant was seeking benefits for injuries that were unrelated to the open award of May 2000. Once that concession is placed into the framework of this appeal, the entire appeal collapses.
Examined in this context, the claimant’s argument effectively is reduced to an assertion that a penalty should have been imposed on the employer for its failure to make payments that the claimant was not entitled to receive in the first place. Such a contention plainly amounts to no more than a request for unjust enrichment, which the Court of Appeals properly denied.
I agree that the employer was required to file an application under Commission Rule 1.4(C) to terminate the open award upon the claimant’s return to work in June 2000. Nevertheless, I would hold that the employer’s failure to file that application does not entitle the complainant to receive payment of a penalty, when he was not entitled to the compensation payments on which such penalty would be based. Accordingly, I would further hold that, under the doctrine of imposition, which gives the Commission “jurisdiction to do full and complete justice in each case,” Harris v. Diamond Construction Company, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946), the Commission did not err in declining to impose a penalty on the employer. On this basis, I would affirm the judgment of the Court of Appeals.